IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY VANCE,<br><br>    Plaintiff,<br><br>    vs.<br><br>JESSE PASILLAS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00157 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed February 1, 2010.

**I.    SCREENING**

    **A.    Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. THE COMPLAINT

In his complaint, Plaintiff identifies Pasillas, Morales, Wan, and John Does 1-10 as defendants to this action. Plaintiff alleges the following. On March 19, 2007, Plaintiff was placed in administrative segregation and given an Inmate Property Inventory Form to sign. Upon review, Plaintiff noticed that a substantial amount of his personal belongings were not listed on the form. Plaintiff asked Defendant Pasillas about the whereabouts of his property, and Defendant Pasillas indicated that he would look into the matter. However, Plaintiff never heard from Defendant Pasillas thereafter. (Compl. at 7.)

Plaintiff subsequently filed an inmate appeal regarding his lost property. The appeal was denied by Defendants Morales and Wan at the first level of review. Defendants Morales and Wan indicated that Defendant Pasillas had been interviewed, and Defendant Pasillas claimed that Plaintiff's property was fully accounted for. Defendant Pasillas also stated that Plaintiff never complained that his property was missing. (Compl. at 7, Ex. B.) Based on these allegations, Plaintiff appears to claim that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment and seeks monetary damages. (Compl. 3-7.)

## III. DISCUSSION

### A. Lost Property

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law. With respect to a prisoner's property, the United States Supreme Court has held that "an unauthorized *intentional* deprivation of property" by a prison official constitutes a violation of due process if a meaningful post-deprivation

remedy for the loss is unavailable. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (emphasis added). If, however, a prison official merely acts *negligently* in losing a prisoner's property, there is no due process violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in the original).

Here, Plaintiff alleges that "[D]efendant Pasillas negligently inventoried and packed [P]laintiff's personal property." (Compl. at 3.) Plaintiff also alleges that after being informed of the situation, Defendant Pasillas failed to locate and return all missing property to Plaintiff. (Id. at 4, 6.) Because these allegations, if proven true, at most demonstrate that Defendant Pasillas acted negligently with respect to Plaintiff's property, Plaintiff's allegations fail to state a cognizable due process claim. See Daniels, 474 U.S. at 328.

Even assuming that Defendant Pasillas intentionally deprived Plaintiff of his property, still Plaintiff's complaint fails to state a cognizable claim. There is no indication that Defendant Pasillas was authorized to deprive Plaintiff of his belongings. Thus, under the Supreme Court's decision in Hudson, Defendant Pasillas' actions constitute a violation of due process only if a meaningful post-deprivation remedy for Plaintiff's loss is unavailable. See Hudson, 468 U.S. at 533. Under these circumstances, Plaintiff has a meaningful post-deprivation remedy. Plaintiff may file suit in state court pursuant to California Government Code §§ 900, et seq., which provides a remedy for torts committed by public employees. See Parratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-depravation remedies made available by the State can satisfy the Due Process Clause."); Arnold v. Williams, No. CIV S-08-28886 DAD P, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process).

### B. Inmate Appeals

Plaintiff alleges that Defendants Morales and Wan denied his inmate appeal, thereby depriving him of his property. (Compl. at 5-5A.) Such allegations, however, are insufficient to demonstrate a constitutional violation. In the Ninth Circuit, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Therefore, when a prison official denies, screens-out, or ignores an inmate's appeal, the prison official does not deprive the inmate of any

constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Accordingly, Plaintiff's allegation that Defendants Morales and Wan deprived him of his property by denying his inmate appeal fails to state a cognizable claim.

### C.    Failure to Supervise and Train

Lastly, Plaintiff alleges that Defendant Wan and John Does 1-10 failed to properly supervise and train Defendants Pasillas and Morales. (Compl. at 7-7A.)  Generally, supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Monell, 436 U.S. at 691.  Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  In other words, "[u]nder § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations." Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214. See also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, as discussed above, Defendants Pasillas and Morales did not violate Plaintiff's constitutional rights. Therefore, it follows that the supervision and training of Defendants Pasillas and

Morales by Defendants Wan and John Does 1-10 were not constitutionally deficient.  Accordingly, Plaintiff's allegations in this regard fail to state a cognizable claim.

### D. Leave to Amend

The Court declines to provide Plaintiff with leave to amend.  "Under Ninth Circuit case law, district court are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez, 203 F.3d at 1129.  Here, Plaintiff's claims regarding his lost property and inmate appeals plainly lack legal merit.  Plaintiff's claims therefore cannot be saved by amending the complaint to include additional facts.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that:

1. This action be dismissed, with prejudice, for failure to state a cognizable claim;
2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 6, 2010**                                             /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE